IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE HUNSINGER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-386-S-BN |
| | § | |
| JAQUAN RIDDICK, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Joe Hunsinger, proceeding *pro se*, filed this lawsuit against Defendant Jaquan Riddick under the Telephone Consumer Protection Act. *See* Dkt. No. 3.

United States District Judge Karen Gren Scholer referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. *See* Dkt. No. 1.

Hunsinger has filed a Motion for Substitute Service. *See* Dkt. No. 12.

For the reasons set out below, the Court GRANTS the Motion [Dkt. No. 12].

## Background

Hunsinger alleges that he has attempted to serve Riddick on four different occasions but has not been able to effect service in person. *See* Dkt. No. 12 at 1. And, so, Hunsinger requests that the Court authorize substituted service to Riddick by mailing the summons to his abode at 668 Orange Avenue, Apartment 2101, Orlando, Florida 32801 and sending an additional copy to Riddick's three email addresses. *See id.*

In support of his motion, Hunsinger has submitted an affidavit signed under the penalty of perjury by process server Nicholas Garcia. *See* Dkt. No. 12-1 at 4. Garcia alleges the following:

- He attempted to serve Riddick at 668 Orange Avenue, Apartment 2101, Orlando, Florida 32801 on February 26, 2026, but no one answered the door or appeared to be home, and the leasing office would not help him beyond giving him directions to the apartment. He left his contact information on the door. *See id.*

- He attempted to serve Riddick at 668 Orange Avenue, Apartment 2101, Orlando, Florida 32801 on March 3, 2026, but no one answered the door or appeared to be home. His contact information had been removed from the door, so he left his information again. *See id.*

- He attempted to serve Riddick at 668 Orange Avenue, Apartment 2101, Orlando, Florida 32801 on March 10, 2026, but no one answered the door or appeared to be home. His contact information had been removed from the door again, so he left his information a third time. *See id.*

- He attempted to serve Riddick at 668 Orange Avenue, Apartment 2101, Orlando, Florida 32801 on March 21, 2026, but no one answered the door or appeared to be home. His contact information had been removed from the door again, so he left his information a fourth time. A trash can was outside the door with a trash bag inside, indicating to Garcia that someone lived there. *See id.*

Hunsinger also submitted his own affidavit, signed under the penalty of perjury, *See id.* at 2-3, and exhibits to support his allegations, *see* Dkt. No. 12-1 at 2-12.

**Legal Standards**

Federal Rule of Civil Procedure 4(e) provides that "an individual … may be served in a judicial district of the United States by … following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1).

This Court is located in the state of Texas.

Texas Rule of Civil Procedure 106 provides:

(a) Unless the citation or court order otherwise directs, the citation must be served by:
  (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, of the petition; or
  (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and petition.
(b) Upon motion supported by a statement – sworn to before a notary or made under penalty of perjury – listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service:
  (1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or
  (2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106.

And, so, under Texas Rule 106(b), if a plaintiff's attempts to serve a defendant

-3-

in person or by registered or certified mail are unsuccessful, a court may authorize substituted service only after receiving the required sworn statement and only in a manner that is reasonably calculated to provide notice. *See* TEX. R. CIV. P. 106(b); *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993).

If a defendant is absent or a nonresident of Texas, that defendant may still be served in the same manner as a resident defendant. *See* TEX. R. CIV. P. 108.

The Comment to 2020 Change notes that a court may "permit service of citation electronically by social media, email, or other technology. In determining whether to permit electronic service of process, a court should consider whether the technology actually belongs to the defendant and whether the defendant regularly uses or recently used the technology." Order Amending Texas Rules of Civil Procedure 106 and 108a, Misc. Docket No. 20-9103 (Tex. Aug. 21, 2020), https://www.txcourts.gov/media/1449613/209103.pdf.

Courts in this district have permitted substituted service by email, *see Sec. & Exch. Comm'n v. Plummer*, No. 3:21-cv-2331-B, 2022 WL 1643958 (N.D. Tex. May 23, 2022), and by text message, *see Sec. & Exch. Comm'n v. Plummer*, No. 3:21-cv-2331-B, 2022 WL 1643958 (N.D. Tex. May 23, 2022).

Courts have determined that service by email is appropriate when "(1) the plaintiff made diligent efforts to effect traditional service at a physical … address and (2) the defendant recently used the email address." *Rock Island Auction Co. v. Dean*, No. 3:23-cv-2642-S-BN, 2024 WL 1837970 at *4 (N.D. Tex. Apr. 26, 2024) (citing

*Plummer*, 2022 WL 447077, at *2).

An email was "recently used" if it was used for communication within three months of the date that the motion for substituted service was filed, but email communicated more than six months from the date the motion was filed does not qualify as "recently used." *Rock Island*, 2024 WL 1837970 at *4 (finding that plaintiff did not demonstrate the email was recently used when the last email from account was used six months before the motion was filed); *Selippos Tech., Ltd. v. First Mountain Bancorp*, No. 4:12-cv-01508, 2013 WL 1181469, at *1, *3 (S.D. Tex. Mar. 20, 2013) (finding that the person to be served had used the email address "recently" when the record indicated email correspondence in the last three months).

As to the sworn statement requirement, "[t]he court may authorize substituted service pursuant to [Texas] Rule 106(b) only if the plaintiff's supporting affidavit strictly complies with the requirements of the Rule." *Mockingbird Dental Grp., P.C. v. Carnegie*, No. 4:15-cv-404-A, 2015 WL 4231746, at *1 (N.D. Tex. July 10, 2015) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)). The supporting sworn statement must state (1) "the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found" and (2) "specifically the facts showing that" traditional service under Rule 106(a) has been attempted "at the location named in such affidavit but has not been successful." TEX. R. CIV. P. 106(b).

### Analysis

The Court first addresses Hunsinger's sworn statements.

To "strictly compl[y]" with Texas Rule 106, the sworn statement attached to the motion for substitute service must state "state the address was the defendant's usual place of business or abode or other place where the defendant can probably be found." *James v. Comm'n for Law. Discipline*, 310 S.W.3d 586, 590-91 (Tex. App. – Dallas 2010, no pet.) (discussing *Garrels v. Wales Transportation, Inc.*, 706 S.W.2d 757, (Tex. App. – Dallas 1986, no writ)); *Mockingbird Dental Grp.*, 2015 WL 4231746, at *1 (citing *Wilson*, 800 S.W.2d at 836.).

But exact recitation of the language of the rule is not required. *See Mobile Dental Health Mgmt., L.L.C. v. Lalonde*, No. 13-21-73-cv, 2023 WL 1458897, at *4 (Tex. App. – Corpus Christi-Edinburg Feb. 2, 2023, no pet.) (finding affidavit stating address was "place of abode" was sufficient for substituted service, even if not reciting the exact language of the rule); *Goshorn v. Brown*, No. 14-02-852-cv, 2003 WL 22176976, at *2 (Tex. App. – Houston [14th Dist.] Sept. 23, 2003, no pet.) (finding affidavit sufficient for substituted service where the affiant stated the address of attempted service was defendant's address and there was confirmation from a resident the defendant lived at said address).

Neither Garcia's nor Hunsinger's affidavits explicitly state that 668 Orange Avenue, Apartment 2101, Orlando, Florida 32801 was Riddick's usual place of abode or business or another place where Riddick can probably be found. *See* Dkt. No. 12-1 at 2-4.

-6-

But Hunsinger alleges in his affidavit that Riddick's address was 668 Orange Avenue, Apartment 2101, Orlando, Florida 32801. *See id.* at 2. And he alleges, and provides evidence, that the Florida Department of Financial Services website lists 668 Orange Avenue, Apartment 2101, Orlando, Florida 32801 as Riddick's mailing address. *See id.* at 2, 5-8. Hunsinger further points to a Florida statute requiring Riddick, as a licensed insurance agent in the state of Florida, to "notify the Department … of [his] new address." *Id.* at 2 (citing Fl. Stat. § 626.551); *see Hunsinger v. Colas*, No. 3:25-cv-1690-E-BW, 2026 WL 587184, at *1 (N.D. Tex. Mar. 2, 2025).

And, so, the affidavits of Garcia and Hunsinger and supporting evidence are sufficient to show that 668 Orange Avenue, Apartment 2101, Orlando, Florida 32801 is Riddick's usual place of abode or business or another place where Riddick can probably be found. *See* TEX. R. CIV. P. 106. The affidavits submitted by Hunsinger meet the requirements set out in Texas Rule 106.

The Court now turns to requested manners of substituted service.

Hunsinger first asks the Court to authorize service on Riddick by "regular mail." Dkt. No. 12 at 1. Because Hunsinger has shown through his affidavits that personal service by a process server was unsuccessfully attempted four times, *see* Dkt. No. 12-1 at 4, substitute service via regular first class mail is appropriate. *See Hunsinger v. TOT Investments LLC*, No. 3:21-cv-2702-M-BH, 2022 WL 60348, at *2 (N.D. Tex. Jan. 6, 2022) (collecting cases authorizing substitute service by regular first class mail after multiple unsuccessful personal service attempts).

As to Hunsinger's request to serve Riddick via email, Texas law only allows

service through other methods, including email, by court order upon a motion with a sworn statement showing that service was attempted through the authorized methods but was unsuccessful. *See* TEX. R. CIV. P. 106(b); *see also VeroBlue Farms USA, Inc. v. Wulf*, No. 3:19-cv-764-X, 2020 WL 2132677, at \*1-\*2 (N.D. Tex. May 5, 2020) (permitting plaintiff to serve defendant via email after plaintiff moved for substitute service and showed that service through a process server had been attempted and was unsuccessful).

As set out above, the affidavits submitted by Hunsinger show that personal service by a process server was attempted four times and unsuccessful. *See* Dkt. No. 12-1 at 4.

Husninger asserts that, on June 4, 2025, he received an email from Riddick from jaquanriddick.healthadvisor@gmail.com. *See id.* at 2. And he alleges that the email included a PDF with another email address, jaquan.riddick@ushadvisors.com. *See* Dkt. No. 12-1 at 12. He attached a copy of this email exchange to his motion. *See id.* at 9-10.

But this email was sent over nine months ago, so the Court cannot find that either email address was used recently enough to be a "reasonably effective" method "to give [Riddick] notice of the suit." *Rock Island Auction Co.*, 2024 WL 1837970, at \*9.

Hunsinger also attaches exhibits showing that Riddick's email address on the Florida Department of Financial Services website is jaquanriddick10@gmail.com. *See*

Dkt. No. 12-1 at 5. And Hunsinger points to a Florida statute requiring a licensed insurance agent such as Riddick to update their email address on file with the state. *See id.* at 2 (citing Fl. Stat. § 626.551); *see Colas*, 2026 WL 587184, at *3.

And, so, Hunsinger's affidavit and supporting evidence demonstrate that serving Riddick at jaquanriddick10@gmail.com would be a reasonably effective method of giving him notice of this lawsuit. *See TOT Investments*, 2022 WL 60348, at *2 (authorizing substitute service by both regular first class mail and email); *cf. Allstate Assurance Co. v. Benton*, No. 3:21-cv-3124-K-BN, 2023 WL 3105098, at *4 (N.D. Tex. Apr. 25, 2023) (holding that service through an email address found in a public records search, without any evidence that it was used or updated recently, was not reasonably calculated to provide notice of the lawsuit).

## Conclusion

The Court GRANTS Plaintiff Joe Hunsinger's Motion for Substitute Service [Dkt. No. 12] and orders substitute service by sending the required documents (1) through regular first class mail to 668 Orange Avenue, Apartment 2101, Orlando, Florida 32801 and (2) an email to jaquanriddick10@gmail.com.

SO ORDERED.

DATE: March 26, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE